GEORGE BRENNAN *vs.* LIBBY DELGUIDICE.
GEORGE BRENNAN *vs.* MICHAEL DELGUIDICE.

NOVEMBER 7, 1961.

PRESENT: Condon, C. J., Roberts, Paolino and Powers, JJ.

CONDON, C. J. These are actions of trespass on the case for negligence which were tried together to a jury in the superior court and resulted in verdicts for the defendants. The cases are here on the defendants' exceptions to the decision of the trial justice setting the verdicts aside and granting the plaintiff a new trial.

The plaintiff's cause of action arose out of an accident on Cranston street in the city of Providence on October 31, 1956 at about 8:50 p.m. While he was standing in the middle of the street waiting for an automobile coming from his right to pass he was knocked down by an automobile approaching on his left. This automobile was operated by defendant Michael DelGuidice and was owned by his mother, defendant Libby DelGuidice. Since Libby's liability is dependent upon Michael's responsibility for the plaintiff's injuries we shall discuss the points at issue as though only his case were before us. Our decision, of course, will apply to both cases.

There was a sharp conflict in the evidence which the jury resolved against plaintiff. Since they were not asked to make special findings their general verdict does not disclose whether they based it on plaintiff's failure to prove due care on his part or defendant's lack of such care. However, in passing on the motion for a new trial the trial justice expressly decided that the verdict was against the preponderance of the credible evidence and did not do justice between the parties. In the course of his decision he stated that on the weight of the credible evidence defendant was negligent and plaintiff was in the exercise of due care.

The defendant contends that the decision is not entitled to the persuasive force usually accorded to such decision

because the trial justice ignored and misconceived material evidence. He further argues that if such evidence is considered it will clearly appear that the great weight thereof does not preponderate against the verdict, and therefore in accordance with the rule laid down in *Bradley* v. *Brayton*, 61 R. I. 44, this court should sustain the verdict.

We have carefully read the transcript and we cannot agree with defendant's contention. Since on the view that we take there must be a new trial, we do not deem it either useful or appropriate to recount here the evidence which convinces us that the trial justice did not misconceive any material evidence. Suffice it to say that we are in accord with the following statement in his decision:

> "The credible evidence is consistent with the plaintiff's position about in the middle of the street awaiting passage of an automobile from his right; that he was standing there a sufficient length of time for the defendant to have seen him and to avoid striking him in the exercise of due care. It is not always negligence to place oneself in the center of the highway in an effort to cross and to wait there for passing vehicles. It depends on the circumstances. In this instance it seems to the Court that the credible evidence placed him in the center of the highway long enough in time and far enough away from the defendant in distance for the defendant to have seen him and to have avoided striking him by the exercise of due care. The jury could have held on the credible evidence that Brennan was in the exercise of due care, or if negligent that the defendant had the last clear chance to avoid the accident."

The defendant contends that the last sentence shows the trial justice did not exercise his independent judgment on the issue of plaintiff's contributory negligence and that such language detracts from the persuasive force of his decision. We do not so construe this sentence. On the contrary, in our opinion it means if the jury did base their verdict on plaintiff's contributory negligence it was against the weight

of the credible evidence and in any event such evidence showed that defendant had the last clear chance to avoid the accident. This single sentence should be read in the context of the trial justice's entire statement analyzing the evidence in the exercise of his more experienced and mature judgment. When so read we think it is apparent that he was only pointing out that the jury had failed to weigh the evidence correctly on the issue of contributory negligence as well as on the issue of defendant's negligence.

The defendant further contends that when the evidence is properly analyzed it does not support the view of the trial justice and therefore his decision is clearly wrong. He further argues that even on a view of the evidence most favorable to the plaintiff it was open to two reasonably different conclusions. In such instance, he argues, the trial justice may not disturb the verdict, citing *Anderson* v. *Johnson,* 59 R. I. 241. This is undoubtedly the rule which we apply when the evidence is in that posture. But we do not agree that such is the posture of the evidence here and therefore the rule is inapplicable. Rather, we are of the opinion that the trial justice was warranted in evaluating and weighing the evidence as he did and therefore we cannot say his decision was clearly wrong.

The defendant's exception in each case is overruled and each case is remitted to the superior court for a new trial.

*Francis V. Reynolds, Harold S. Moskol, Richard P. Mc-Mahon,* for plaintiff.

*Gunning & LaFazia, Raymond A. LaFazia, Edward L. Gnys, Jr., Bruce M. Selya,* for defendants.